LEATHERS *versus* SHIPBUILDERS' BANK.

No action can be maintained by a creditor against a bank, after its effects have been placed in the hands of receivers.

Section 8, c. 164, of Acts of 1855, is constitutional.

ON FACTS AGREED.

ASSUMPSIT, to recover the amount, with statute interest, of sundry bank bills issued by defendants.

This writ was made on March 16, and served March 31, 1855.

The bills declared on were duly presented for redemption, and protested for non-payment.

In December, 1854, defendants, having failed to redeem their bills, on the twenty-ninth of that month receivers were appointed, who immediately entered upon their duties, and the time had not elapsed for the discharge of their trust.

If the action is maintainable, judgment to be entered for the amount of the bills and statute interest; otherwise, a nonsuit.

*Thacher,* for defendants.

This action can only be sustained upon the ground that the 8th § of Act of March 16, 1855, respecting banks, is in conflict with the constitution.

Although that Act is retroactive, it impairs the obligation of no contract. It affects only the remedy. *Thayer & al.* v. *Sevey,* 11 Maine, 284; *Oriental Bank* v. *Freeze,* 18 Maine, 109; *Colby* v. *Dennis & al.,* 36 Maine, 13.

*Williamson,* for plaintiff, maintained the unconstitutionality of the Act additional respecting banks, and cited *Sturges* v. *Crowningshield,* 4 Wheat. 197; *Blanchard* v. *Russell,* 13 Mass. 1; *Call* v. *Haggan,* 8 Mass. 429; *Bronson* v. *Kinzie,* 1 Howard, 311; *McCracken* v. *Hayward,* 2 Howard, S. C.; *Dash* v. *Van Cleek,* 2 Johns. 477; *Green* v. *Biddle,* 8 Wheat. 75, 84; 2 Parson's on Cont. 533, note; 5 Hall's Am. Law Journal, 520; 10 Georgia, 190.

He also maintained that the Legislature by passing any particular law contracted and agreed that every citizen had a right to the benefit of that law; that if it was a remedial statute, and a party had commenced proceedings by virtue of it, he obtained a vested right to the remedy allowed by the law, and such a right the Legislature could not take away. *Couch* v. *Jefferies,* 4 Barrows, 2460; *Bedlestone* v. *Sprague,* 6 Johns. 101; *Bigelow* v. *Pritchard,* 21 Pick. 175.

This action was commenced before this Act went into effect. *Gardner* v. *Webber,* 17 Mass. 407; *Johnson* v. *Farewell,* 7 Greenl. 370.

SHEPLEY, C. J. — The bank having failed to redeem its bills, receivers were appointed on Dec. 29, 1854, by virtue of the provisions of the statute, c. 77.

Receivers are by the statute authorized to take possession and to dispose of all its property; to collect debts due to it, and to pay the demands against it. Such proceedings would seem to be inconsistent with the right of a creditor to preserve a lien, and incumber the title by an

attachment. All doubt respecting it is removed by the provisions of the Act, approved on March 16, 1855, which authorizes an equal distribution of the property to the creditors, and declares, "no action shall be maintained against any bank after the appointment of receivers thereof, but all the creditors shall have their remedy under the provisions of this bill."

This suit appears to have been commenced on the day of the approval of the Act, but no lien upon the estate of the bank was created until the thirty-first day of the same month.

It is insisted, that the provision of the Act named, is not constitutional.

The well established rule, that the legislative department may rightfully change the remedy, appears to be denied, when that remedy may be more favorable to the creditor than the one substituted. And it is insisted, that "the Legislature by passing any particular law, contracts and agrees, that every citizen shall have a right to the benefit of that law." This doctrine would deprive the legislative department of the power to correct its own errors, to vary the laws to meet the necessities of the people, or the exigencies of the time; and it would deprive subsequent Legislatures of the right to determine what enactments were required for the welfare of the people.

There neither is, nor can be any breach of faith in the repeal or alteration of a law by a Legislature, which has been enacted by a former one, unless such enactment has granted some right to one or more of its citizens, as a private right, in which all are not allowed to participate.

*Plaintiff nonsuit.*